IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES ERIC RICE                                                                                    PLAINTIFF

        v.                              Civil No. 11-2208

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                         DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, James Rice, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

The plaintiff filed his applications for DIB and SSI on May 20, 2010, alleging an onset date of June 25, 2010[1], due to diabetes mellitus with peripheral neuropathy, proliferative diabetic retinopathy, and depression.[2] Tr. 123-128, 129-130, 170, 174, 198-199, 207, 214, 216-217, 233-239. His claims were denied both initially and upon reconsideration. Tr. 68-73. An administrative hearing was then held on March 22, 2011. Tr. 25-60. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 33 years of age and possessed a high school education and a few college hours. Tr. 28. He had past relevant work ("PRW") as a landscaper, officer/clerical worker, and pest control worker. Tr. 171, 176-182, 184-188, 191-197.

---

[1] This date was amended from an original onset date of March 15, 2009. Tr. 12, 31.

[2] Plaintiff had filed a previous application for SSI and was awarded disability for a closed period commencing on January 1, 2006, and ending October 14, 2007. Tr. 64-67.

On April 7, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's diabetes mellitus with peripheral neuropathy and proliferative diabetic retinopathy did not meet or equal any Appendix 1 listing. Tr. 14-15. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work

> in that the claimant is able to lift and carry 10 pounds occasionally and less than 10 pounds frequently. He is able to sit for six hours and stand and walk for two hours during an eight-hour day. He cannot do work requiring excellent vision but is able to see well enough to avoid normal hazards at work and distinguish between shapes and colors of items such as nuts, bolts, and screws.

Tr. 15. With the assistance of a vocational expert, the ALJ then found that Plaintiff could perform work as a compact assembler and table worker. Tr. 19-20.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 7, 2011. Tr. 1-8. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 12, 13.

## II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's

findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A. The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

After reviewing the entire record before us, we have several concerns. First, we note that the ALJ failed to properly compare Plaintiff's symptoms to the requirements for diabetes mellitus listed in

3

Listing 9.08. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 9.08. Listing 9.08 enumerates three ways an individual's diabetes can qualify as disabling. *Id*. Pertinent to this case is subsection C, which provides that an individual can meet the listing if they suffer from retinitis proliferans or proliferative retinopathy which should be evaluated under listing 2.02, 2.03, or 2.04. *Id*. The ALJ states that he considered Plaintiff's retinopathy under listing 2.02, which requires a loss of visual acuity with remaining vision in the better eye of 20/200 or less after best correction, however, there is no indication that he also considered listings 2.03 (contraction of the visual field in the better eye) and 2.04 (loss of visual efficiency). The statute clearly states that if Plaintiff met listing 2.02, 2.03, *or* 2.04, then he would also meet the listing for diabetes. Because the ALJ failed to consider these other two listings, we believe remand is necessary to allow the ALJ to reevaluate the evidence and determine whether Plaintiff's impairment met or equaled one of these listings.

Secondly, we take issue with the absence of a recent physical RFC assessment. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence). In the present case, the record contains a 2006 RFC assessment from Plaintiff's then treating doctor voicing his opinion that Plaintiff was disabled and a 2010 assessment from a non-examining, consultative examiner concluding that Plaintiff's physical impairments were not severe. Tr. 299-301, 447-453. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence).

Herein lies the problem. The record contains a great deal of evidence concerning Plaintiff's brittle, uncontrolled diabetes and advanced proliferative retinopathy. Repeat exams revealed a dramatic

4

and large frund of neovascularization coming off the optic nerve and extending into the vitreous of the right eye. Tr. 255, 259, 263, 264, 273, 279, 307, 312, 318, 322, 323. A few areas of flat neovascularization were also noted in both the left and right eyes. Plaintiff was diagnosed with high risk neovascularization and advanced proliferative diabetic retinopathy in both eyes. Between 2009 and 2011, Plaintiff underwent a number of panretinal photocoagulation ("PRP") laser treatments in both eyes. Tr. 258, 259, 273, 279, 306, 307, 317, 318. In September 2010, Dr. William Mabrey recommended he undergo a vitrectomy to clear the blood and restore his vision. Tr. 304, 315. However, Plaintiff elected not to undergo this procedure due to a lack of insurance and funds to pay for the procedure.

As a result of his visual impairment, Plaintiff has reported blurry vision, black spots, double vision, a total loss of peripheral vision, a loss of depth perception, and the inability to drive at night. Tr. 258, 261, 263, 280-282. He testified that he had to give up golf because he could no longer focus on the ball. And although he did report the ability to play cards, he indicated that he could only do so if the print on the cards was large. Plaintiff also indicated that he had been fired from his job as a plant manager due to his vision impairment and was fired from another job because he had to undergo the PRP procedures and was told he was a liability. In fact, he testified that his vision was so impaired that he experienced difficulty distinguishing between a flathead and a phillips head screwdriver. However, somehow, the ALJ concluded that Plaintiff could distinguish between shapes and colors of items such as nuts, bolts, and screws.

Given Plaintiff's significant history of advanced proliferative retinopathy, we believe that the remand is necessary to allow the ALJ to obtain an updated RFC assessment from Plaintiff's treating retina specialist, Dr. Bradley Hughes. The ALJ is directed to request that Dr. Hughes complete an RFC assessment that includes the requirements of listings 2.02, 2.03, and 2.04, so that Dr. Hughes can evaluate Plaintiff's impairment in light of the listing requirements. Without such an assessment, the record contains insufficient facts upon which to base an informed decision at to whether or not Plaintiff's

diabetes met the listing requirements. *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001). (In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision.).

It also appears that the ALJ failed to provide his reasons for discrediting Plaintiff's testimony. When discrediting a Plaintiff's subjective complaints, an ALJ is required to consider all available evidence on the record as a whole and to make an express credibility determination. *Lowe v. Apfel,* 226 F.3d 969, 971 (8th Cir. 2000). Because of the difficulty evaluating medical symptoms such as pain and suffering, the Social Security Administration and the Eighth Circuit have established guidelines for evaluating a Plaintiff's subjective complaints. The factors to be considered include the Plaintiff's daily activities; the duration, frequency, and intensity of the pain; any precipitating and aggravating factors; the dosage, effectiveness, and side effects of medication; and, any functional restrictions. *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529(c)(3) (2003). Additional factors include treatments, other than medication, that the claimant has used to relieve pain or other symptoms, and any other measures that the claimant has used to relieve pain and other symptoms. 20 C.F.R. § 404.1529(c)(3)(v-vi) (2003). In the present case, the ALJ discusses Plaintiff's subjective complaints, but fails to really explain why he did not find Plaintiff to be credible. Because he failed to do so, on remand, he is also directed to make an express credibility determination, specifically listing any reasons he has for discounting Plaintiff subjective complaints.

We also note that the Plaintiff submitted a letter authored by Dr. Timothy Alford to the Appeals Council. Records indicate that the letter was reviewed by the AC, although they denied his request for review. *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000) (In such cases, we must determine if the record as a whole, including evidence that is new and material, supports the ALJ's determination). Because this letter was written by a doctor who had a treating relationship with Plaintiff, at least while Plaintiff lived in Mississippi, we do believe it should be reviewed by the ALJ. Accordingly, on remand,

6

the ALJ is further directed to review Dr. Alford's findings. He should then determine what weight, if any is due Dr. Alford, and specifically set out his reasoning in the new opinion.

IV. **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of September 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)